UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEVIN L. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00268-JRS-DLP |
| | ) | |
| JERRICHA MEEK, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO DISMISS
AND GRANTING IN PART MOTION ON THE PLEADINGS**

Plaintiff Kevin L. Martin filed this 42 U.S.C. § 1983 action following an alleged attack by another inmate at Wabash Valley Correctional Facility (Wabash Valley). He alleges that defendant Meek told other inmates that Mr. Martin was a snitch and that Ms. Meek's actions led to Mr. Martin being attacked. He further alleges that defendants McDonald and Busby failed to investigate this incident, leaving Mr. Martin vulnerable to future attacks. Dkt. 1. The defendants have filed a motion for judgment on the pleadings regarding the claims against McDonald and Busby on the grounds that failure to investigate does not state a constitutional claim. Dkt. 28. The defendants have also moved to dismiss Mr. Martin's request for injunctive relief because he is no longer housed at Wabash Valley. Dkt 30. The plaintiff has not responded and the time to do so has passed. The motions are now ripe for review.

**I.    Motion for Judgment on the Pleadings**

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings for reason that a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v.*

*City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). The complaint must state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A reviewing court draws all reasonable inferences and facts in favor of the non-movant but need not accept as true any legal assertions. *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014). Because the plaintiff is proceeding without the assistance of counsel, his pleading is construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

The plaintiff complains that defendants McDonald and Busby failed to investigate after he was attacked. But "the Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened." *Garness v. Wis. Dep't of Corr.*, 2016 WL 426611, at *2 (W.D. Wis. Feb. 3, 2016) (citing *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

To the extent the complaint can be construed as raising a claim that the failure to investigate the past attack left Mr. Martin in fear of future attacks, such a claim fails because Mr. Martin has not alleged an actual injury—either "physical harm [or] the kind of extreme and officially sanctioned psychological harm that might support a claim for damages under the Eighth Amendment." *Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997) (emphasis added); *see Babcock v. White*, 102 F.3d 267, 273 (7th Cir. 1996) (holding that the plaintiff's "allegations of deliberate indifference do not exemplify the egregious conduct" causing psychological harm "sufficient to entitle him to damages under the Eighth Amendment"); *see also Whiteside v. Pollard*, 481 F. App'x. 270, 272 (7th Cir. 2012) (holding that the plaintiff did not present evidence that the

defendants exposed him to a risk of harm "out of malice, which [he] needed to demonstrate in order to establish a failure-to-protect claim").

All claims regarding defendants Busby and McDonald's alleged failure to investigate after Mr. Martin was attacked are **dismissed**. However, the complaint alleges that defendant McDonald witnessed Ms. Meek tell inmate Coleman that Mr. Martin had reported that Ms. Meek had brought contraband to inmate Coleman. Dkt. 1 at 4. Therefore, Mr. Martin has alleged that defendant McDonald was aware of Ms. Meek creating a risk of harm to Mr. Martin before he was attacked. **A failure to protect claim based on these allegations remains pending against defendant McDonald**.

## II. Motion to Dismiss

The defendants have moved to dismiss Mr. Martin's request for injunctive relief because he is no longer housed at Wabash Valley. Dkt. 28. Generally, a prisoner's transfer from one prison to another moots claims for declaratory or injunctive relief against officials at the prior prison. *See Ross v. Mebane*, 536 F.2d 1199, 1202 (7th Cir. 1976) (affirming a district court's holding that "injunction restraining officials at Oxford from the future imposition of certain forms of disciplinary action on the prisoner" was moot because the prisoner was transferred); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (finding that transfer mooted claim for injunctive relief "against officials of the first prison"); *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (affirming district court's decision that transfer from prison where inmate sought declaratory and injunctive relief concerning strip search practice mooted claim; *Jones v. Butler*, 663 F. App'x 468, 470 (7th Cir. 2016).

Mr. Martin has not shown that he is likely to be transferred back to Wabash Valley or that the defendants are capable of effecting injunctive relief at his new facility. Therefore, Mr. Martin's claims for injunctive relief are **dismissed as moot**.

### III.     Conclusion

In conclusion, the defendants' motion for judgment on the pleadings, dkt. [28], is **granted to the extent** that all claims against defendant Busby are dismissed. The **clerk is directed** to terminate F. Busby as a defendant on the docket. No partial final judgment shall issue at this time.

The motion is also **granted** as to Mr. Martin's claim that defendant McDonald failed to investigate Mr. Martin's attack, but the motion is **denied** as to Mr. Martin's claim that defendant McDonald failed to protect him from that attack.

The defendants' motion to dismiss, dkt. [30], is **granted to the extent that** Mr. Martin's claims for injunctive relief are **dismissed as moot**.

Mr. Martin's claims against defendants Meek and McDonald for failure to protect remain pending in this action.

**IT IS SO ORDERED**.

Date: 8/31/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN L. MARTIN
169789
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov